UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

September 21, 2016

PRESENT: PATRICIA MINALDI, Judge Presiding
DD JURANKA, Court Reporter
TINA BENOIT, Minute Clerk
COURT OPENED: 9:54 AM                              COURT ADJOURNED: 10:01 AM
Statistical Time: /07

MINUTES OF COURT

*****************************************************************************
CASE NO. 2:15-CR-00176-001
DEFENDANT: **ERIC TEAGUE**
GOV COUNSEL: Myers P Namie for Jamilla Bynog
DEFENSE COUNSEL: Gerald Block
*****************************************************************************

Case called for sentencing.

There were no objections to the presentence report.

**Eric Teague**, is sentenced to the custody of the Bureau of Prisons for a term of sixty three (63) months on Count 1 of the Bill of Information with credit for time served. It is recommended that the defendant be placed at a facility close to his home in North Carolina. It is also recommended that because of defendant's prior drug history, if defendant qualifies he be placed in intensive drug treatment.

Upon release from incarceration, the defendant shall be placed on supervised release for a term of three (3) on Count 1 with the standard, mandatory and special conditions as follows:

   1) The defendant shall not possess a firearm, destructive device, or illegal substance;

   2) The defendant shall report the address where he will reside and any subsequent change of residence to the Probation Officer responsible for supervision, and shall register as a sex offender in any state where he resides, is employed, carries on a vocation, or is a student;

   3) The defendant is to undergo mental health treatment as directed by the United States Probation Office, to include psychotherapy and any recommended sex offender specific treatment. The defendant shall pay the costs associated with the program as determined by Probation;

Minutes of Court
September 21, 2016
Page 2

    4) If the defendant possesses a computer, the defendant shall comply with the requirements of the Computer Monitoring Program as administered by the Probation Office, and consent to the installation of monitoring software on any computer to which the defendant has access.  The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.  The costs of monitoring shall be paid by the defendant as determined by the Probation Officer.

    5) The defendant shall not have contact, directly, or indirectly, with any minor under the age of 18, without the parent or guardian being present, and without the permission of the probation officer.  Any contact should be reported to the probation officer within 24 hours.  Direct contact includes written communication, in-person communication, or physical contact.  Direct contact does not include incidental contact during ordinary daily activities in public places.

The mandatory drug testing requirement is suspended.

The Court finds that the defendant does not have the ability to pay a fine and no fine is assessed.

The defendant is to pay the standard $100.00 per count, on Count 1 to the Crime Victim Fund immediately.

The defendant is advised by the court of his right to appeal, and time limits and counsel.

The defendant is remanded to the custody of the U S Marshal to begin service of his sentence.

An oral motion was made by counsel for the defendant to file his sentencing memorandum in the record under seal.  That motion was granted by the court.

Defense counsel gave oral notice of their objection to the sentence.

An oral motion was made by the government to dismiss the indictment.  The motion was granted by the court.